GRAHAM and another vs. CHAPPELL.

*Garnishment : Stay or dismissal of proceedings.*

Even where garnishee proceedings may properly be *stayed*, they should not be *dismissed*, on the ground that a receiver of the property of the principal debtor had previously been appointed in another pending suit.

APPEAL from the Circuit Court for *Racine* County.

The facts in this case are the same as in the preceding case of *Graham and another v. O'Neil*, except that Chappell, the garnishee in this case, appeared before the court commissioner, and his examination was duly certified and returned to the clerk of the circuit court ; and thereafter the court made an order dismissing the proceedings in garnishment ; from which the plaintiffs appealed.

The character of the defendant's answer, and the effect claimed for it by his counsel, will sufficiently appear from the opinion.

*H. S. Orton* and *N. S. Murphey*, for appellants.

*Butler & Winkler*, for respondent.

COLE, J. Whatever relief the garnishee may ultimately be entitled to, it was premature to dismiss the proceedings at that stage of the cause. The garnishee had answered, and in this the case differs from that of the same parties against O'Neil [ante, p. 34]. It is claimed, however, by the counsel for the respondent, that the answer of the garnishee shows that the indebtedness to the company, if any there were, existed prior to the appointment of the receiver, and that, therefore, it passed to the receiver by the terms of the order of appointment. And it is further argued, that the filing of the creditor's bill, and the issuing and ser-

vice of process in the case of *Howard v. The La Crosse and Milwaukee Railroad Company*, gave the complainant in that case a lien upon all the property and effects of the judgment debtor ; and that the garnishee, if liable to any one, is liable to the receiver in that action. And, inasmuch as that suit is still pending, and the receiver still in office, undischarged, it is said the garnishee proceeding should be arrested until that action is determined. But the proceeding was not only arrested, but dismissed entirely. In the case of *Prentiss v. Danaher*, 20 Wis. 311, it was held that a garnishee defendant could not on the trial successfully defend by showing a prior pending garnishee action against him for the same indebtedness, but might move at the outset, upon affidavits stating the facts, for a stay of proceedings until such prior action was terminated. Now, giving the above argument the most that can be claimed for it, it fails to sustain the order of dismissal. For even if the order appointing the receiver was broad enough to cover this indebtedness, if any exists, at most that would only be a ground for staying the proceedings in this action until the Howard case is disposed of.

*By the Court.*—The order of dismissal is reversed, and the cause remanded for further proceedings.